[No. A055362. First Dist., Div. Three. Dec. 26, 1991.]

CITY OF EMERYVILLE, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
AVIS RENT-A-CAR SYSTEM, INC., Real Party in Interest.

**COUNSEL**

Larson & Burnham, Gregory D. Brown, Donald P. Eichhorn and Nancy K. McDonald for Petitioner.

No appearance for Respondent.

Michael F. O'Leary for Real Party in Interest.

**OPINION**

**MERRILL, Acting P. J.—** ▉ We address the question of whether a court has jurisdiction to grant summary judgment or summary adjudication when the defendant presents a valid defense. Between 1939 and 1991 the answer was clear and affirmative. In 1990, the Legislature amended the summary judgment statute to solve different problems and in the process cast doubt upon well-established law. We grant a writ of mandate to restate the defendant's right to establish a defense.

The City of Emeryville (Emeryville) is a cross-defendant in an action brought by a motorist injured in a collision between her car and a vehicle

fleeing the Emeryville police. Emeryville moved for summary judgment or summary adjudication of causes of action, claiming immunity because it had adopted a vehicle pursuit policy under the standards set by Vehicle Code section 17004.7. During the hearing on the motion, counsel for cross-complainant Avis Rent-A-Car System (Avis), owner of the chased vehicle, objected to the court's jurisdiction to rule that Emeryville's affirmative defense was valid. The court agreed with Avis. By written order, the court stated that it found merit to Emeryville's motion, but that it did not have jurisdiction to decide the merits of an affirmative defense. This petition followed.

The court's ruling was inspired by a recent amendment to Code of Civil Procedure section 437c, subdivision (f),[1] which now provides, in part: "If it is contended that one or more causes of action within an action has no merit or that there is no defense thereto, or that there is no merit to an affirmative defense as to any cause of action, or both, or that there is no merit to a claim for damages, as specified in Section 3294 of the Civil Code, or that one or more defendants either owed or did not owe a duty to the plaintiff or plaintiffs, any party may move for summary adjudication as to that cause or causes of action, that affirmative defense, that claim for damages, or that issue of duty. A cause of action has no merit if one or more of the elements of the cause of action, even if not separately pleaded, cannot be established." (Stats. 1990, ch. 1561, § 2.)

Before this amendment, a defendant could secure a summary judgment by presenting a complete defense to the action or obtain summary adjudication of a cause of action by presenting a complete defense to a cause of action. However, as a leading treatise has observed, "[i]t is presently unclear whether proving a *complete defense* to a claim establishes that it has 'no merit' (e.g., proof that the statute of limitations bars recovery). [¶] The statute *seems* to say that merit is determined *solely* by the 'elements of the cause of action' (CCP § 437c(f), second sentence). Whether this is the correct interpretation will have to be determined by future case law." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1991) ¶ 10:38.1, p. 10-11.)

We have reviewed the history of summary judgment law and we have examined the Legislature's articulated reason for amending subdivision (f). We conclude that the Legislature did not intend to and did not radically change summary judgment law. The Legislature clarified *some* of the circumstances under which a court could grant summary adjudication, but it did

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

not rescind the court's jurisdiction to adjudicate that a defense has been established.

Before 1939, only plaintiffs could seek summary judgment or summary adjudication. During its 1939 legislative session, the Legislature amended section 437c to empower a defendant to move to dismiss a complaint on the ground that the action had "no merit." (Stats. 1939, ch. 331, § 1, p. 1671.) This amendment stated clearly that a defendant could seek to show "a good and substantial defense to the plaintiff's action (or to a portion thereof)." (*Id.*, pp. 1671-1672.) That portion of the statute remained unchanged until 1973 and appellate courts routinely affirmed summary judgments when defendants established their defenses. (See, e.g., *Joslin* v. *Marin Mun. Water Dist.* (1967) 67 Cal.2d 132, 147-149 [60 Cal.Rptr. 377, 429 P.2d 889]; *Gardner* v. *Jonathan Club* (1950) 35 Cal.2d 343, 346, 353 [217 P.2d 961].)

In 1973, the Legislature repealed former section 437c and enacted a new version. Under this version, "[a]ny party" could seek summary judgment if it were contended that "the action has no merit or that there is no defense thereto," and the motion would be granted if all the papers showed that there was "no triable issue as to any material fact and that the moving party [was] entitled to a judgment as a matter of law." (Stats. 1973, ch. 366, § 2, p. 807.) For summary adjudication, the Legislature provided: "If it appears that the proof supports the granting of such motion as to some but not all the issues involved in the action, or that one or more of the issues raised by a claim is admitted, or that one or more of the issues raised by a defense is conceded, the court shall, by order, specify that such issues are without substantial controversy." (*Id.*, at p. 808.)

Upon close examination, it appears that this amendment dropped any reference to the defendant's right to establish a defense to the action or cause of action; the only explicit right of the defendant was to show that the action or one or more of the issues had "no merit." "No merit" was not defined, but the courts did not treat the change as significant. Defendants routinely showed that the actions had "no merit" because of valid defenses, and appellate courts affirmed the rulings. (See, e.g., *Miller* v. *Bechtel Corp.* (1983) 33 Cal.3d 868, 874-876 [191 Cal.Rptr. 619, 663 P.2d 177]; *Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 101-103 [132 Cal.Rptr. 657, 553 P.2d 1129]; *Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 873-877 [127 Cal.Rptr. 110, 544 P.2d 1310].)

After 1973, the Legislature continued to fine tune the summary judgment statute. In 1982 the Legislature divided it into subdivisions (Stats. 1982, ch. 1510, § 1, pp. 5855-5857), and in 1983 it required the courts to state reasons

for most of their rulings and added provisions for review by writ (Stats. 1983, ch. 490, § 1, pp. 1990-1993). It made minor changes in other years (see Stats. 1976, ch. 675, § 1, p. 1664; Stats. 1978, ch. 949, § 2, p. 2930; Stats. 1980, ch. 57, § 1, p. 151; Stats. 1984, ch. 171, § 1, pp. 544-547; Stats. 1986, ch. 540, § 3, pp. 1927-1930; Stats. 1989, ch. 1416, § 16).

In 1990, the Legislature made several changes, including the change in subdivision (f), quoted above. Section 1 of Statutes 1990, chapter 1561, explained the intent behind the change in subdivision (f): "It is also the intent of this legislation to stop the practice of adjudication of facts or adjudication of issues that do not completely dispose of a cause of action or a defense."

This statement and the wording of subdivision (f) show clearly that the Legislature wished to narrow summary adjudication from its broad focus on "issues" (sometimes interpreted to mean only asserted "facts") to a more limited focus on causes of action, affirmative defenses, claims for punitive damages, and claims that defendants did not owe plaintiffs a duty. We find no evidence that the Legislature also intended to overturn 50 years of summary judgment law by preventing a defendant from establishing an affirmative defense to an action or a cause of action.

This case is before us because, in listing possible targets for a summary adjudication motion, the 1990 amendment failed to mention that a defendant might seek to establish a defense to the action or cause of action and because the second sentence of subdivision (f) said that a cause of action had "no merit" if one or more of the elements of the cause of action could not be established. We hold that the second sentence of subdivision (f) does not exclusively define the phrase "no merit"; it is merely illustrative of a cause of action with no merit. The Legislature and the courts have consistently interpreted "no merit" to include the situation where the defendant has established a complete defense to the action or cause of action. That meaning has not changed. Under subdivision (f), a defendant may still show "no merit" by establishing a complete defense to a cause of action.

The phrase "no merit" is used both in subdivision (f), the summary adjudication subsection, and in subdivision (a), governing summary judgment, which provides: "Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit . . . ." "No merit" is not defined in subdivision (a), even by the 1990 amendment. Thus, our conclusion that the defendant may still present an affirmative defense to a cause of action applies *a fortiori* to the defendant's right to present a complete defense to the entire complaint. The court erred in ruling it had no jurisdiction to grant Emeryville's motion.

We issue a peremptory writ in the first instance. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order denying Emeryville's motion for summary judgment or summary adjudication and to reconsider the motion in light of the views expressed herein.

Chin, J., and Werdegar, J., concurred.