[No. A058440. First Dist., Div. Two. Feb. 5, 1993.]

LILIENTHAL & FOWLER et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
RODNEY KARR et al., Real Parties in Interest.

COUNSEL

Phillips, Greenberg, Dolven & Strain and Jerry R. Hauser for Petitioners.

No appearance for Respondent.

Joseph M. Lynn for Real Parties in Interest.

**OPINION**

**BENSON, J.**—The issue raised by this petition for writ of mandate is whether the trial court may refuse to rule on the merits of a summary adjudication motion made pursuant to Code of Civil Procedure section 437c, subdivision (f), when such an adjudication would not dispose of an entire cause of action because two separate and distinct wrongful acts are combined in the same cause of action.[1] We determine that it may not and that the writ should issue.

Petitioners Lilienthal & Fowler et al., are defendants in an action filed by real parties in interest, Rodney Karr and Willard Gersbach, for legal malpractice. The case arises out of legal services that petitioners provided to real parties at different times on two separate and distinct matters. The first matter, a representation which concluded, at the latest on March 15, 1987, involved Robert Murillo and the right of Mr. Murillo to occupy a room in a building owned by real parties on Steiner Street in San Francisco. The second representation, in June 1989, involved Steven Barton and the purchase of real property on Divisadero Street in San Francisco. The legal services petitioners provided with respect to the Murillo matter had nothing to do with those provided in the Barton matter.

The complaint filed by real parties contains two causes of action, one for breach of contract and one for negligence. In the negligence cause of action, real parties also sought recovery of emotional distress damages. In each cause of action, real parties combined their claims against petitioners with regard to the Murillo and Barton matters. On April 28, 1992, petitioners filed a motion for summary adjudication of three issues of which only the first and third are at issue herein. Petitioners contended that all claims with regard to the Murillo action were barred by the statute of limitations, and that they owed no duty to real parties for alleged emotional distress damages caused by their alleged negligence.

On May 27, 1992, at the hearing of the motion the trial court stated that even though petitioners' statute of limitations defense with respect to the

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Murillo matter may have merit, it couldn't adjudicate the issue since such adjudication would not dispose of the claims relating to Barton. "The first problem here is that I can't grant issue one [claims relating to Murillo] although it may be true what you say, because there is some other thing [the Barton claims] in that first cause of action. I have forgotten what the name of it is—it doesn't dispose of the whole cause of action. [¶] . . . [¶] The law is quite clear that I cannot grant summary adjudication unless it's dispositive of an entire cause of action, with a couple of exceptions that you try to get yourself into later on."

On July 7, 1992, respondent court entered its order denying summary adjudication:

"1. A favorable ruling on defendants' Issue No. 1 would not dispose of the First and Second Causes of Action as set forth in plaintiffs' complaint. Therefore, the court cannot rule on this issue pursuant to Code of Civil Procedure Section 437(c)(f); and

"2. A favorable ruling on defendants' Issue No. 2 would not dispose of the First and Second Causes of Action as set forth in plaintiffs' complaint. Therefore, the court cannot rule on this issue pursuant to Code of Civil Procedure Section 437(c)(f); and

"3. A favorable ruling on Issue No. 3 would not dispose of the First and Second Causes of Action as set forth in plaintiffs' complaint and does not involve the existence of a duty owed. Therefore, the court cannot rule on this issue pursuant to Code of Civil Procedure Section 437(c)(f)."[2]

This petition followed. We asked for additional briefing from the parties on the legislative history of the 1990 amendments to section 437c, subdivision (f). We issued an order to show cause to consider whether the trial court may refuse to rule on the merits of a summary adjudication motion brought under section 437c when such an adjudication would not dispose of an entire cause of action because two separate and distinct wrongful acts are combined in the same cause of action.

## Discussion

Code of Civil Procedure section 437c, subdivision (f), as amended effective January 1, 1991 (Stats. 1990, ch. 1561, § 2), in part provides:

"If it is contended that one or more causes of action within an action has no merit or that there is no defense thereto, or that there is no merit to an

---

[2]Petitioners raised three issues in their motion for summary adjudication. Issue No. 2 in their motion is not at issue in this writ proceeding.

affirmative defense as to any cause of action, or both, or that there is no merit to a claim for damages, as specified in Section 3294 of the Civil Code, or that one or more defendants either owed or did not owe a duty to the plaintiff or plaintiffs, any party may move for summary adjudication as to that cause or causes of action, that affirmative defense, that claim for damages, or that issue of duty. A cause of action has no merit if one or more of the elements of the cause of action, even if not separately pleaded, cannot be established."

■ Petitioners contend the amendment is intended to eliminate summary adjudication motions that would not reduce the costs and length of litigation, not to create a technical barrier preventing the elimination of separate and distinct claims through a pleading tactic of combining two claims in the same cause of action. Real parties allege the amendment sanctioned a restriction of prior law and since petitioners' motion, even if successful, would not have disposed of an entire cause of action, the trial court's ruling was correct.[3]

■ In interpreting a statute our primary objective is to ascertain the intent of the Legislature and to effectuate that intent. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) As our Supreme Court stated in *Building Industry Assn.* v. *City of Camarillo* (1986) 41 Cal.3d 810, 818-819 [226 Cal.Rptr. 81, 718 P.2d 68], " '[T]he "intention of the legislature will be determined so far as possible from the language of its statutes, read as a whole, and if the words of an enactment, given their ordinary and popular signification, are reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning." [Citation.]' [Citation.] Legislative intent must be gleaned from the whole act rather than from isolated words. [Citation.]" Further, it is important to keep in mind that " ' "The objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in [the word's] interpretation, and where a word of common usage has more than one meaning, the one which will best attain the purposes of the statute should be adopted, even though the ordinary meaning of the word is enlarged or restricted and especially in order to avoid absurdity or to prevent injustice." ' " (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 260 [104 Cal.Rptr. 761, 502 P.2d 1049], brackets in original.)

---

[3]Real parties in their initial opposition to the petition stated they offered to amend their pleadings to resolve the pleading problem at issue. However, as petitioners point out, a copy of the proposed amended complaint reveals that just as in the original complaint, both the Murillo and the Barton matters are commingled in each of the causes of action. Contrary to real parties' assertion, their proposed amendment does nothing to moot the controversy at issue herein.

With these basic rules as guides we turn to the specific words and phrases in section 437c, subdivision (f), which are the subject of this dispute.

The legislative history of this amendment does not specifically define "cause of action" as used in the statute. California courts have defined cause of action as " 'simply the obligation sought to be enforced.' " (*Eichler Homes of San Mateo, Inc.* v. *Superior Court* (1961) 55 Cal.2d 845, 847 [13 Cal.Rptr. 194, 361 P.2d 914].) "The same cause of action, of course, may be stated variously in separate counts. [Citations.] In California the phrase "causes of action" is often used indiscriminately to mean what it says and to mean *counts* which state differently the same cause of action . . . ." (*Ibid.*, italics in original.)

A leading treatise has observed that the meaning of "cause of action" is unclear. "In a broad sense, a 'cause of action' is the *invasion of a primary right* (e.g. injury to person, injury to property, etc.). . . . [¶] However, in more common usage, 'cause of action' means a group of related paragraphs in the complaint reflecting *a separate theory of liability*. . . . [¶] As used in CCP § 437c(f), 'cause of action' should be interpreted in the latter sense (theory of liability)." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1992) § 10:39, p. 10-12.1, italics in original.)

 Even though the statute does not define "cause of action" the purpose and intent of the amendment to subdivision (f) is clear. The intent was made explicit in the Legislative Counsel's Digest to the amending bill, which notes: "It is . . . the intent of this legislation to stop the practice of adjudication of facts or adjudication of issues that do not completely dispose of a cause of action or a defense." (Stats. 1990, ch. 1561, § 1.)

The interpretation of section 437c, subdivision (f), as creating a means to eliminate summary adjudication motions that would not reduce the costs and length of litigation is further supported by the May 1990, report of the Senate Committee on the Judiciary. That report notes that the California Judges Association was the source of the bill and comments as follows: "According to the sponsor, it is a waste of court time to attempt to resolve issues if the resolution of those issues will not result in summary adjudication of a cause of action or affirmative defense. Since the cause of action must still be tried, much of the same evidence will be reconsidered by the court at the time of trial. This bill would instead require summary adjudication of issues only where an entire cause of action, affirmative defense or claim for punitive damages can be resolved. [¶] . . . [¶] The sponsor believes that the bill will save court time, reduce the cost of litigation for

plaintiffs and defendants, and reduce the opportunity for abuse of the summary judgment procedure." The August 1990, report of the Assembly Committee on Judiciary adopted the Senate's analysis.

In the instant case, plaintiffs seek to recover damages based on two separate and distinct obligations. Each obligation creates a separate and distinct claim. The first obligation relates to legal services performed on the Murillo matter, and the second obligation relates to legal services performed on the Barton matter. There is no dispute that the two matters have no relation to each other and involve legal services performed at different times, with different and distinct obligations, and distinct and separate alleged damages. Under California law, the allegations relating to the Murillo and Barton matters involve two separate and distinct causes of action regardless of how pled in the complaint.

The policy behind motions for summary judgment and summary adjudication is to "promote and protect the administration of justice, and to expedite litigation by the elimination of needless trials." *Wiler* v. *Firestone Tire & Rubber Co.* (1979) 95 Cal.App.3d 621, 625 [157 Cal.Rptr. 248]. Division Three of this court has recently examined the Legislature's articulated reason for amending section 437c, subdivision (f), and concluded that the "Legislature did not intend to and did not radically change summary judgment law." (*City of Emeryville* v. *Superior Court* (1991) 2 Cal.App. 4th 21, 23 [2 Cal.Rptr.2d 826].) "[The] statement and the wording of subdivision (f) show clearly that the Legislature wished to narrow summary adjudication from its broad focus on 'issues' (sometimes interpreted to mean only asserted 'facts') to a more limited focus on causes of action, affirmative defenses, claims for punitive damages, and claims that defendants did not owe plaintiffs a duty." (*Id.* at p. 25.)

In our judgment the clearly articulated legislative intent of section 437c, subdivision (f), is effectuated by applying the section in a manner which would provide for the determination on the merits of summary adjudication motions involving separate and distinct wrongful acts which are combined in the same cause of action. To rule otherwise would defeat the time and cost saving purposes of the amendment and allow a cause of action in its entirety to proceed to trial even where, as here, a separate and distinct alleged obligation or claim may be summarily defeated by summary adjudication.[4] Accordingly, we hold that under subdivision (f) of section 437c, a party may present a motion for summary adjudication challenging a separate and

---

[4]Section 430.10 was amended in 1973 to abolish as a ground for a demurrer that each cause of action is not separately stated. Thus, defendants have no remedy to compel plaintiffs to separately plead distinct causes of action, unless brought under the ground of uncertainty. In

distinct wrongful act even though combined with other wrongful acts alleged in the same cause of action.

## Disposition

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of July 7, 1992, overruling petitioners' motion for summary adjudication with respect to the first and third issues and to reconsider the motion on the merits in light of the views expressed herein. In all other respects, the petition is denied.

Smith, Acting P. J., and Phelan, J., concurred.

---

the instant case, the complaint's allegations are not confusing and a demurrer for uncertainty would not have been appropriate.