[No. B085213. Second Dist., Div. Four. Mar. 22, 1995.]

JOHN HOOD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
UNITED CHAMBERS ADMINISTRATORS, INC., Real Party in Interest.

## Counsel

Buxbaum & Chakmak, John Chakmak, Terrence Mitchell Leve, Sr., Daniels, Baratta & Fine, Mary Hulett and Mark A. Vega for Petitioners.

No appearance for Respondent.

Dewey Ballantine, David S. McLeod, Jeffrey R. Witham, John P. Flynn and Patrick S. Schoenburg for Real Party in Interest.

## Opinion

EPSTEIN, Acting P. J.— May a party select issues (other than duty and punitive damages) implicated in one or more causes of action in its complaint or cross-complaint, amend that pleading to add a cause of action for declaratory relief as to those issues, and then obtain a summary adjudication of the declaratory relief cause of action? We answer that it cannot, for, if it could, the result would fully subvert the restrictions of Code of Civil Procedure section 437c, subdivision (f)(1).[1] Since the order granting summary adjudication in the case before us was made in precisely this situation, we shall grant the petition for a writ of mandate directing that it be set aside.

### Factual and Procedural Summary

This case presents a fairly simple issue enveloped in a complicated factual context. The summary that follows is limited to facts pertinent to our discussion.

John A. Hood and Agoura Hills Insurance Services, Inc. (Hood) were insurance agents for United Chambers Administrators, Inc. (UCA). Mr. Hood also served as an assistant territorial manager for UCA. UCA marketed group health insurance policies to members of chambers of commerce. A noncompetition clause in the agreement between Hood and UCA, the associate territorial manager (ATM) agreement, prohibited Hood from marketing

---

[1] All further code citations are to the Code of Civil Procedure.

policies issued by other companies to chamber of commerce members. A termination provision in that agreement empowered both UCA and Hood to terminate the agreement upon 30 days' notice. It also allowed UCA to immediately terminate the ATM agreement for violation of the noncompetition clause.

In July 1992, UCA learned that Hood had begun marketing a chamber-sponsored insurance plan called the Quorum Chamber Classic Plan. Based on the noncompetition and termination clauses, UCA terminated Hood's services.

UCA brought this suit for damages and injunctive relief alleging, among other things, that Hood breached the noncompetition clause in the ATM agreement by marketing the Quorum Chamber Classic Plan. Hood cross-complained seeking injunctive relief and asserting breach of contract and sundry torts inflicted by UCA. Hood's second amended cross-complaint disputed UCA's right to terminate the contract and alleged that UCA failed to pay commissions and service fees. It also alleged that UCA fraudulently induced Hood to enter the ATM agreement by leading Hood to believe the noncompetition provision would not be enforced.

In December 1993, UCA filed a motion for summary adjudication with respect to the Hood cross-complaint. The trial court denied this motion because it failed to completely dispose of any of the causes of action in the cross-complaint, as required by section 437c, subdivision (f). Following that, UCA amended its complaint by adding a new cause of action for declaratory relief. It sought a determination of its rights under the termination clause. Specifically, the declaratory relief cause of action sought determination that (1) Hood's activities in connection with the Quorum Chamber Classic Plan violated the noncompetition clause, (2) the termination provision of the ATM agreement entitled UCA to immediately end the agreement, and (3) it was within its rights in doing so. Hood demurred to the amended complaint, but its demurrer was overruled. When the amended complaint was at issue, after Hood filed its answer and affirmative defenses, UCA moved for summary adjudication of the declaratory relief cause of action. This time its motion was granted. The trial court concluded UCA's termination of the ATM agreement "was effective and within its rights" and that Hood's attempt "to create triable issues based on a waiver theory [was] unavailing." The Hood parties petitioned for mandate and we issued an alternative writ.

## Discussion

Petitioners contend UCA's addition of a declaratory relief claim to assert issues disputed in the underlying action is insufficient to overcome the

provisions in section 437c, subdivision (f). We agree. We limit our discussion to the procedural arguments and decline to address petitioners' substantive arguments relating to the competitiveness of the Quorum Chamber Classic Plan and the asserted unconscionability of the ATM agreement.

 The policy underlying motions for summary judgment and summary adjudication of issues is to "'promote and protect the administration of justice, and to expedite litigation by the elimination of needless trials.'" (*Lilienthal & Fowler* v. *Superior Court* (1993) 12 Cal.App.4th 1848, 1854 [16 Cal.Rptr.2d 458], quoting *Wiler* v. *Firestone Tire & Rubber Co.* (1979) 95 Cal.App.3d 621, 625 [157 Cal.Rptr. 248].) The summary judgment statute was amended in 1990 to restrict the summary adjudication remedy to motions that would adjudicate an entire cause of action or affirmative defense, or the issues of duty or punitive damages. Section 437c, subdivision (f)(1) (as amended in 1993) provides: "A party may move for summary adjudication as to one or more causes of action within an action, one or more affirmative defenses, one or more claims for damages, or one or more issues of duty, if that party contends that the cause of action has no merit or that there is no affirmative defense thereto, or that there is no merit to an affirmative defense as to any cause of action, or both, or that there is no merit to a claim for damages, as specified in Section 3294 of the Civil Code, or that one or more defendants either owed or did not owe a duty to the plaintiff or plaintiffs. A motion for summary adjudication shall be granted only if it completely disposes of a cause of action, an affirmative defense, a claim for damages, or an issue of duty."

The Legislature declared the purpose of the amendment to subdivision (f): "to stop the practice of adjudication of facts or adjudication of issues that do not completely dispose of a cause of action or defense." (Stats. 1990, ch. 1561, § 1). The amendment was discussed in the *Lilienthal* decision. In that case several plaintiffs combined claims for breach of contract and negligence concerning two unrelated matters, into a single cause of action. The trial court denied the defendant's motion for summary adjudication of selected issues, on the ground that it did not dispose of an entire cause of action. The appellate court held that the amended statute permitted summary adjudication of a cause of action relating to a separate and distinct wrongful act, even though the charging pleading combined it with other wrongful acts in a single pleaded cause of action. (*Lilienthal & Fowler* v. *Superior Court, supra,* 12 Cal.App.4th at pp. 1854, 1855; see also *City of Emeryville* v. *Superior Court* (1991) 2 Cal.App.4th 21, 15 [2 Cal.Rptr.2d 826]; *Regan Roofing Co.* v. *Superior Court* (1994) 24 Cal.App.4th 425, 433 [29 Cal.Rptr.2d 413].)

 That is not our case. Hood's causes of action arise from the same operative facts and are intertwined with one another. Hood's cross-complaint

refuted UCA's right to terminate the ATM agreement under the noncompetition and termination clauses. The adjudication of the declaratory relief cause of action did not purport, by itself, to adjudicate the entirety of any cause of action. Because it did not (and did not adjudicate any of the specific matters still within the scope of summary adjudication), it was prohibited by section 437c, subdivision (f)(1). The trial court should have denied the motion, and its failure to do so was an abuse of discretion.

We believe a comment is in order about the declaratory relief cause of action itself. The issues invoked in that cause of action already were fully engaged by other causes of action. Because they were, declaratory relief was unnecessary and superfluous. (See 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 800, p. 243; *California Ins. Guarantee Assn.* v. *Superior Court* (1991) 231 Cal.App.3d 1617, 1623 [283 Cal.Rptr. 104].) ▉ "The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." (*General of America Ins. Co.* v. *Lilly* (1968) 258 Cal.App.2d 465, 470 [65 Cal.Rptr. 750]; *California Ins. Guarantee Assn.* v. *Superior Court, supra,* 231 Cal.App.3d at p. 1624; and see *Regan Roofing Co.* v. *Superior Court, supra,* 24 Cal.App.4th 425.)

Here, the underlying cause of action already had matured and a declaration of rights adds nothing to those matters that were asserted and presumably will be resolved in the underlying action.

## DISPOSITION

Let a writ of mandate issue directing the superior court to set aside its order granting real party UCA's motion for summary adjudication of its declaratory relief cause of action, and to enter a new and different order denying that motion.

Vogel (C. S.), J., and Hastings, J., concurred.