Filed 3/15/13  DC Auto v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DC AUTO, INC., | |
| Petitioner, | E057849 |
| v. | (Super.Ct.No. CIVDS1108475) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| MICHAEL K. BARBOSA, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Donna G. Garza, Judge.  Petition granted.

Manning Leaver Bruder & Berberich and Gary Haroutoin Prudian for Petititioner.

No appearance for Respondent.

The Hanson Law Firm, John W. Hanson and Elisa M. Swanson, for Real Party in Interest.

INTRODUCTION

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

DISCUSSION

In our view, the fifth cause of action contains severable claims which have been pleaded separately, and *Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848 controls this case. A party cannot prevent the adjudication of factually separate claims simply by including them in what is pleaded as a single "cause of action." (See also *Edward Fineman Co. v. Superior Court* (1998) 66 Cal.App.4th 1110.) Although real party in interest argues that amendments to Code of Civil Procedure section 437c, subdivision (f)(1) only allows a motion for summary judgment to be heard if it "completely disposes of a cause of action," the court in *Edward Fineman Co.* dealt with this same language and for policy reasons, with which we agree, applied *Lilienthal & Fowler.* We also disagree that petitioner was obliged to pursue a remedy under subdivision (s) of Code of Civil Procedure section 437c, because that subdivision may only be used if both parties *and* the court agree to the proposed "piecemeal" adjudication. We see no reason to suppose that subdivision (s) was intended to supersede the holdings in the cases we have cited.

DISPOSITION

Accordingly, the petition for writ of mandate is granted.  Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate its order denying petitioner's motion for summary adjudication as to the claims set out in the fifth cause of action, and to reconsider the motion with respect to the "Hidden Deferment" class.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.  Petitioner to recover its costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
Acting P. J.

We concur:


<u>MILLER</u>
J.


<u>CODRINGTON</u>
J.

3