Filed 5/20/15  Estrada v. Barahona CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE ESTRADA,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>LOURDES BARAHONA,<br><br>        Defendant and Respondent. | D066165<br><br><br>(Super. Ct. No. CIVDS1314498) |

APPEAL from a judgment of the Superior Court of San Bernardino, Pamela Preston King, Judge.  Reversed and remanded with directions.

Anyiam Law Firm Inc. and Christian U. Anyiam for Plaintiff and Appellant.

No appearance for Respondent.

Juan Jose Estrada sued Lourdes Barahona, alleging breach of contract and seeking to enforce a lien on certain of Barahona's trucks after she failed to pay for Estrada's claimed repairs and storage for the vehicles.  The court sustained Barahona's demurrer without leave to amend on res judicata principles.  Estrada appeals.  We reverse and remand with directions.

FACTUAL AND PROCEDURAL SUMMARY

We summarize the facts based on the complaint's factual allegations and the matters of which we may properly take judicial notice. (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 672, fn. 2.) We assume the truth of the alleged facts solely for purposes of this opinion.

Estrada owns property where he sometimes performs vehicle repairs and Barahona owns a small trucking operation. Before October 2012, the parties entered into express and implied contracts in which they agreed: (1) Estrada would provide monthly rental parking spaces for three trucks and one trailer at $130 per vehicle; (2) Estrada would perform maintenance and repairs on the three trucks and Barahona would pay for these services; and (3) Estrada would advance payment for Barahona's 2013 Department of Motor Vehicles (DMV) registration fees.

Barahona paid invoices for storage and repair of the vehicles in October 2012 through December 2012, but then failed to continue to make the required payments. In January 2013, Estrada loaned Barahona funds to register her vehicles with the DMV. At some unspecified time, Estrada made payments to the drivers of Barahona's trucks, but Barahona refused to reimburse him for these amounts.

In June or July 2013, Estrada filed a DMV lien on Barahona's trucks, and refused Barahona's request that he return the trucks to her. (Civ. Code, § 3068.)[1]

---

[1] Under Civil Code section 3068, a service lien arises by operation of law if a vehicle owner fails to pay compensation owed for repairs or labor on the vehicle.

In July 2013, Barahona brought a small claims action against Estrada, seeking $6,900 in lost income resulting from Estrada's refusal to return her trucks to her.

Estrada filed a cross-complaint against Barahona for $7,500. On the small claims form, Estrada said he was seeking $7,500 because "[Barahona] owes me for loans towards her company . . . plus truck drivers paid for commercial loads." Estrada alleged he had paid Barahona's "drivers . . . $5,117.64 plus $2,382 [in] loans for [Barahona's] transportation [business] . . . ."

In an attached declaration, Estrada said he had properly retained Barahona's trucks because Barahona had failed to pay him for repairs performed on the vehicles. He identified the trucks by their vehicle identification numbers and the amounts owed on each vehicle. But Estrada did not request damages or other affirmative relief to compensate him for these repairs, stating that a "Lien Sale has been processed against [Barahona]." Estrada said he was "counter suing for $7,500 since it is the pending balance" from what he has paid to Barahona for loans and for funds paid to her truck drivers.

After a small claims hearing, the court found that neither party met his or her burden to "prove a cause of action and/or damages on which a judgment could be awarded." The small claims court thus entered judgment in Estrada's favor on Barahona's complaint and entered judgment in Barahona's favor on Estrada's cross-complaint.

Three months later, Estrada filed the superior court complaint at issue here. In this complaint, Estrada alleged the above facts and claimed Barahona breached the parties' contracts by failing to: (1) pay for storage of the vehicles; (2) pay for maintenance and

3

repair of the vehicles; (3) repay Estrada for payments for the 2013 DMV vehicle registration; and (4) repay loans made to Barahona for the continuation of her business. Estrada attached as exhibits certain of the small claims pleadings and judgment.

Estrada also sought a judgment enforcing the liens imposed on Barahona's trucks. In support, Estrada alleged that he has "provided storage for three . . . trucks and a trailer at $130.00 per month each; paid for maintenance and repairs on all three vehicles; and paid the 2013 registration fees so that the vehicles could be operable." He sought $69,616.37 for alleged repair costs in excess of the liens, and listed each vehicle that remained on his property. This list was similar to the vehicle list contained in his declaration in the small claims action (except for one vehicle that had been repossessed by a lender).

After obtaining relief from a default, Barahona filed a demurrer asserting the complaint is barred by res judicata. She argued: "Judgment has been entered against . . . Estrada for damages that were based on truck repair, loans and fees . . . [and] is . . . based on the same facts and damages that has already been determined."

Estrada countered that the res judicata doctrine is inapplicable because this action was different from the small claims action. Specifically, Estrada argued that the small claims case involved only his claims to be reimbursed for payments made to the truck drivers and various loans made to Barahona, whereas the current action involved Barahona's failure to pay for truck parking and truck repair/maintenance. After a hearing, the court sustained the demurrer without leave to amend.

4

Estrada appeals.  Barahona did not file a respondent's brief.  However, an appellant has the burden of showing reversible error even in the absence of a respondent's brief.  (See *County of Lake v. Antoni* (1993) 18 Cal.App.4th 1102, 1104; Cal. Rules of Court, rule 8.220(a)(2).)

## DISCUSSION

### I.  *Review Standards*

In reviewing a judgment after a demurrer is sustained without leave to amend, we examine whether the complaint alleged facts sufficient to state a cause of action under any legal theory.  (*Koszdin v. State Comp. Ins. Fund* (2010) 186 Cal.App.4th 480, 487.)  We assume the truth of the alleged facts and all facts that may be reasonably inferred from the allegations.  (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)  However, we do not assume the truth of contentions, deductions or conclusions of fact or law.  (*Ibid.*)  We also consider documents properly subject to judicial notice.  (See *Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1101.)  We apply a de novo review standard, and are not bound by the court's stated reasons.  (*Walgreen Co. v. City and County of San Francisco* (2010) 185 Cal.App.4th 424, 433.)

### II.  *Res Judicata and Collateral Estoppel Doctrines*

#### A.  *General Principles*

The res judicata and collateral estoppel doctrines bar the relitigation of certain claims and issues.  Under res judicata (claim preclusion), a party is barred from relitigating "the *same* cause of action in a second suit between the same parties or parties in privity with them."  (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896

5

(*Mycogen*), italics added.)  Under collateral estoppel (issue preclusion), a party is precluded from relitigating an identical issue already decided in a prior litigation even if the causes of action were different.  (*Ibid.*)  These doctrines " ' "promote judicial economy by minimizing repetitive litigation, . . . prevent inconsistent judgments which undermine the integrity of the judicial system, [and] . . . protect against vexatious litigation."  [Citation.]'  [Citation.]"  (*Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 878.)

We determine these doctrines are inapplicable to bar Estrada's claims at the demurrer stage.

### B.  *Claim Preclusion*

"It is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments."  (*Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1381.)  If a small claims defendant has a counterclaim greater than the jurisdictional limit, the statutes provide for a procedure in which the defendant may (but is not required to) file a complaint in superior court, and then seek to consolidate the actions.  (See Code Civ. Proc., § 116.390, subd. (a); see *Jellinek v. Superior Court* (1991) 228 Cal.App.3d 652, 656-657.)  If a small claims defendant does bring a cross-complaint in small claims court, judgment on that cross-complaint may serve as res judicata if the elements of the doctrine are satisfied.  (See *Todhunter v. Smith* (1934) 219 Cal. 690, 695.)

Claim preclusion "applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them

6

were parties to the prior proceeding. [Citation.] Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated. [Citation.]" (*Federation of Hillside & Canyon Associations v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202 (*Federation*).)

Estrada and Barahona were parties in the small claims action and the action resulted in a final judgment on the merits. Thus, the sole issue concerns whether Estrada's causes of action alleged in the current action are the same as the cause of action alleged in Estrada's small claims cross-complaint. Under California law, the resolution of this issue is determined under the "primary right theory." (*Mycogen, supra*, 28 Cal.4th at p. 904.) This theory is different from the federal transactional rule, which provides a cause of action includes all claims arising out of the same operative facts or transaction. (See *Friedman Prof. Management Co., Inc. v. Norcal Mutual Ins. Co.* (2004) 120 Cal.App.4th 17, 27; *Gamble v. General Foods Corp.* (1991) 229 Cal.App.3d 893, 898.)

Under California's primary right theory, " 'a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] . . . [¶] . . . [¶] . . . [T]he primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." [Citation.] The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it

7

may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other." [Citation.]' " (*Mycogen, supra*, 28 Cal.4th at p. 904.)

Under these principles, a breach of contract generally gives rise to a single cause of action, all of the remedies for which must be sought in a single action. (*Mycogen, supra*, 28 Cal.4th at p. 906; *Holmes v. David H. Bricker, Inc.* (1969) 70 Cal.2d 786, 789-790; *Federation, supra*, 126 Cal.App.4th at p. 1203.) The plaintiff's primary right is the right to enforce the contract terms and to be free from harm arising from a breach of those terms. (*Ibid.*) An exception to this rule applies if "separate and distinct contract covenants were breached at different times." (*Federation, supra*, 126 Cal.App.4th at p. 1203; see *Mycogen, supra*, at pp. 908-909; *Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848, 1854.) A breach of two contracts that have "different and distinct obligations" gives rise to two different causes of action. (See *Lilienthal, supra*, 12 Cal.App.4th at p 1854; see also *Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 928.)

Viewing the allegations in the light most favorable to Estrada, the parties had a contractual relationship regarding several discrete subject matters (loans, truck driver payments, repair/maintenance, and truck storage), and Barahona allegedly breached these separate agreements at different times. In his superior court complaint, Estrada seeks reimbursement for Barahona's failure to pay him for his claimed truck repair and vehicle storage. This claim concerns an agreement allegedly entered into by the parties before October 2012. Several months later, Estrada allegedly loaned money to Barahona to

8

assist her trucking business and paid her truck drivers when she was unable to do so. In the small claims action, Estrada sought to recover for Barahona's alleged agreements to reimburse him for these latter amounts.

The breach of contract alleged in Estrada's superior court complaint concerns an injury to Estrada's right to recover for his repair work and truck storage services. In contrast, Estrada's small claims cross-complaint concerned an injury to Estrada's right to be reimbursed for loans or advances to support Barahona's business. These injuries reflect different harms. Because Estrada's claims in the current action and in the small claims action arose from separate contractual arrangements and concerned distinct harms, they are different primary rights and are not barred by the res judicata doctrine (at least at the pleading stage).

We recognize that each of the parties' alleged agreements concerned Barahona's trucking business. However, under California law, this circumstance is insufficient in and of itself to trigger res judicata. Although each of the agreements concerned, or related to, Barahona's trucking business, they addressed separate and discrete subject matters that were the subject of different agreements and distinct harms. The fact that each set of claims arose from the same general subject matter is insufficient to trigger the res judicata bar under California law. (See *Fujifilm Corp. v. Yang* (2014) 223 Cal.App.4th 326, 333 (*Fujifilm*); *Title Guarantee & Trust Co. v. Monson* (1938) 11 Cal.2d 621, 631.)

In the proceedings below, the court found it significant that Estrada provided information about the repair/maintenance costs in a declaration attached to his small

9

claims cross-complaint. However, Estrada's awareness of his repair/storage claim and the fact that he *could have* asserted the claim does not trigger the res judicata bar. If a defendant's conduct has violated multiple primary rights, the plaintiff is entitled to split the cause of action and bring two separate actions to recover for the violation of each primary right. (See *Fujifilm, supra*, 223 Cal.App.4th at pp. 333-334.)

Moreover, contrary to the trial court's observations, Estrada's prior declaration does not reflect that he sought relief on the repair issue in the small claims matter. Viewed in context, the information was included as part of Estrada's defense to Barahona's claim that she lost income because he did not return her trucks to her. Estrada's defense was that his retention of the trucks was not wrongful and therefore he did not owe any money for damages resulting from the loss of use of the trucks. The assertion of this defense does not show Estrada affirmatively sought relief on this claim and thus was later barred to assert the cause of action. Because Estrada's cross-complaint limited his causes of action to his claim seeking reimbursement for the funds loaned to Barahona and his payments to the truck drivers, these are the only claims that are barred.

We recognize that Estrada's superior court complaint refers at times to matters that were previously resolved and are subject to res judicata (including alleged loans made to Barahona, funds provided to Barahona, and payments made to truck drivers). As a matter of judicial efficiency, we order the court to strike those allegations from the complaint.[2]

---

[2] We also note that Estrada refers in his current complaint to his seeking $69,616.37 in the small claims action. However, this allegation is inconsistent with Estrada's other

C. *Issue Preclusion*

Under certain circumstances, collateral estoppel (issue preclusion) may bar relitigation of an issue resolved in a small claims action. (*Pitzen, supra*, 120 Cal.App.4th at pp. 1378-1387.) But we need not decide whether those circumstances are present here because Estrada's pleading (together with the small claims documents) do not show the basic elements of the doctrine. Under the issue preclusion doctrine, a party is barred from relitigating an issue in a second action if the *identical issue* was *actually litigated and determined*. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797; *Pitzen v. Superior Court, supra*, 120 Cal.App.4th at p. 1384.) There is no information in the record showing the identical issue was raised and determined in the prior small claims action. In this current action, Estrada seeks damages resulting from Barahona's alleged failure to pay for his claimed repair work and for his truck parking/storage services. Although he discussed this claim in his declaration filed in the small claims court, the documents do not show he requested relief for this claim *and* that the court reached and decided this issue.

III. *Conclusion*

We conclude that at the demurrer stage, Estrada's claims seeking to be paid for repair/maintenance work and for truck storage are not barred by the res judicata or issue preclusion doctrines. Our conclusion should not be interpreted as an opinion on the merits of the action. Estrada's entitlement to recover on his contract or lien claims

---

allegations and the small claims record. Thus, under liberal pleading review rules, it is insufficient to establish the applicability of res judicata as a matter of law.

depends on his submitting proof of the elements of the claims, and the applicability of any defenses asserted by Barahona.

DISPOSITION

Judgment reversed. On remand, trial court is to strike all allegations that refer to Estrada's claims seeking reimbursement for loans made to Barahona and/or seeking reimbursement for funds paid to Barahona's truck drivers. The parties to bear their own costs on appeal.


                                                                HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.