Filed 7/17/20; Certified for Publication 8/12/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| VIRGINIA M. ARNOLD, | C087465 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2015-00182733-CU-OE-GDS) |
| v. | |
| DIGNITY HEALTH et al., | |
| Defendants and Respondents. | |

Plaintiff and appellant Virginia M. Arnold appeals from summary judgment in favor of her employer, defendant and respondent Dignity Health (Dignity) and other individually named defendants.

Arnold, an African-American woman who was employed as a medical assistant, alleged defendants engaged in discrimination, harassment, and retaliation based on her age and her association with her African-American coworkers, including by terminating her employment in violation of the Fair Employment and Housing Act (FEHA).

1

On summary judgment, the trial court concluded defendants provided evidence of legitimate reasons for plaintiff's termination and, in rebuttal, plaintiff failed to offer any evidence that defendants' actions were discriminatory, harassing, or retaliatory.

On appeal, plaintiff contests the grant of summary judgment. She adds that the current law should be re-examined. We disagree and affirm the judgment.

## FACTS AND PROCEEDINGS

*Plaintiff's Disciplinary History*

The following facts are taken from the evidence set forth in the papers filed in connection with the summary judgment motion, except that to which objections were properly made and sustained. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037 (*Yanowitz*).) We summarize the evidence in the light most favorable to plaintiff, the party opposing summary judgment, resolving any doubts concerning the evidence in her favor. (*Ibid.*)

Plaintiff was hired to work as a medical assistant in 2003, when she was either 55 or 56 years old. Plaintiff transferred to a different office in August 2007; Shelley Noyes was the executive director at that location.

Plaintiff's duties included handling pregnant women's urine specimen cups, including throwing the cups in the trash. In August 2008 plaintiff received a "written verbal warning" for failing to wipe a patient's identifying information off a urine cup.[1] Another employee witnessed plaintiff's refusal to accept the warning. That warning was written on plaintiff's performance evaluation, which she signed.

---

[1] Although plaintiff points out that the evidence did not show a written rule reflecting the required removal of all writing from the cup, the evidence showed plaintiff was aware of this requirement at least after she received a written verbal warning.

In October 2011 Roxanne Slaugh, plaintiff's supervisor, met with plaintiff and told her she was not permitted to work off the clock. Slaugh also instructed plaintiff and other employees regarding the process of marking a task "done" only after the task was actually completed.

In June 2012 Slaugh issued plaintiff a "written warning" for inappropriate conduct following a report that plaintiff acted in a disruptive, disrespectful, and aggressive manner toward a coworker. The disciplinary letter does not specify what conduct precipitated the disciplinary action. Another employee witnessed plaintiff's refusal to acknowledge receipt of notice of the warning.

In September 2012 Slaugh issued plaintiff a "final written warning" and a three-day suspension for additional misconduct; Slaugh contended plaintiff failed to follow the clinic process for addressing scheduling errors or concerns by alerting Slaugh as she had been instructed. At her deposition, Slaugh did not recall the event precipitating the discipline.

Plaintiff grieved both the June 2012 written warning and the September 2012 final written warning through her union. Dignity and the union reached an agreement stipulating to reclassifying the June 2012 written warning as a verbal warning, the September 2012 final written warning as a written warning, and issuing a new final written warning with a three-day suspension regarding additional instances of misconduct that occurred while the grievance was pending. Plaintiff was unaware of the reclassification.

*Plaintiff's Termination*

In June 2013 Denise Boroughs-Fitch replaced Slaugh as plaintiff's supervisor. In July 2013 Boroughs-Fitch and Tiffany Tidwell, senior employee and labor relations consultant, met with plaintiff concerning a urine cup found in the trash they contended still contained patient health information. Tidwell and Boroughs-Fitch found that plaintiff was responsible for not wiping the urine cup clean. They also found that

3

plaintiff was not willing to take responsibility for her actions and was not being honest in the investigation because she blamed her coworker for the incident. Plaintiff was not permitted to see the offending cup.

Tidwell and Boroughs-Fitch then learned that plaintiff had a picture in a cupboard near her desk of a male model with his shirt unbuttoned, exposing his chest and abdomen. Plaintiff alleged that during the investigatory meeting, Tidwell threw the picture on the table and said, "I'm going to get you for this." Tidwell and Boroughs-Fitch found that the picture was an inappropriate item to have in a workplace.

Because plaintiff was on a final written warning and had previously been disciplined regarding patient privacy, Tidwell and Boroughs-Fitch decided termination was the appropriate next step.[2] Boroughs-Fitch set forth the reasons for plaintiff's termination in a letter. The letter stated plaintiff's employment was being terminated for her (1) failure to safeguard personal health information, a HIPAA violation, (2) display of inappropriate materials in the workplace, (3) careless performance of duties, (4) failure to communicate honestly and be truthful during the course of the investigation, and (5) failure to take responsibility for her actions. Additionally, the letter stated that while the current violations independently warranted termination, Boroughs-Fitch also considered the August 2008 written verbal warning, the June 2012 written verbal warning, the September 2012 written warning, and the February 2013 final written warning with three-day suspension.

*Noyes's and Slaugh's Comments to Plaintiff About Her Age*

Plaintiff asserts there were three instances in which Noyes commented on her age. The first occurred sometime between 2011 and 2013. Noyes had learned that it was recently plaintiff's birthday, and she said to plaintiff, "Oh, I never knew you were that

---

[2] Plaintiff does not contest that Tidwell and Boroughs-Fitch reached that conclusion, although she contests that termination was necessary.

4

old." Next Noyes said, "Oh, how come you haven't retired?" Then Noyes and plaintiff discussed working into their eighties.

The second comment occurred in 2013. Noyes was surprised plaintiff had not retired, asked why plaintiff was still working, and said, " 'Gosh, I can't believe you are that old.' "

In the third instance,[3] plaintiff inquired about withdrawing funds from her retirement account. Another employee informed plaintiff that she would be taxed for withdrawing the funds, but plaintiff replied she would not have to pay taxes due to her age. A week or two later, that employee said to Noyes, " 'I can't believe she's that age,' " and Noyes responded, " 'Yeah. I didn't know she was that old, either.' "

Plaintiff stated there were no other instances in which Noyes mentioned plaintiff's age.[4] In her declaration opposing summary judgment, plaintiff stated Noyes' spoke to her in an "intimidating" and "threatening" manner in 2013. She did not specify which of Noyes's three comments, if any, were made in an intimidating or threatening manner.

Plaintiff also recalled that Slaugh made three comments about her age. In the first instance, Slaugh said, " 'Oh, I can't believe you turned 65,' " and then, " 'My mom retired at your age. And I can't believe you [*sic*] retired. If I was retired, I'd be out on the rivers floating around.' " Plaintiff responded, " 'Well, I really don't plan to retire,

---

[3] The date of this comment was not specified.

[4] In her declaration opposing summary judgment, plaintiff stated Noyes told her she should retire and she was too old to be doing her job. But a declaration may not contradict factual admissions made in a deposition. (*Scalf v. D. B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1521-1522 [party opposing summary judgment may not file a declaration purporting to impeach his or her own prior sworn testimony]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1120.) Because plaintiff testified in her deposition that Noyes made three age-related comments and expressly stated there were no others, we do not consider this alleged comment and others included in plaintiff's declaration.

because I really like my work. I want to do it as long as I can, because I really enjoy working with patients. I waited a long time to do this, and so I don't plan on leaving anytime soon.' " Slaugh responded, " 'Oh, girl. I'd be gone.' "

In the second instance, Slaugh said " 'Do you ever think about retiring? Maybe you should retire.' " Plaintiff responded, " 'Why would I retire if I'm happy?' " Slaugh said "she would be retired, floating on the river." Plaintiff presumed Slaugh said that because she knew plaintiff "was a river person."

Plaintiff also had a vague recollection of a third comment made by Slaugh, Slaugh discussed how much her mother was enjoying her retirement and then said, " 'Don't you want to retire? You could do more things.' " Plaintiff responded, " 'I really like working, I miss it when I'm gone.' "

Plaintiff stated in her declaration opposing summary judgment that Slaugh told her she should be able to get her work done without coming in early. Plaintiff also asserted, "Slaugh implied to me that I was too old to do my job effectively. And that I was old school." Later, plaintiff alleged Slaugh "told [her] that if [she] couldn't get the job done in the allotted time, maybe [she] was too old."

In December 2012 plaintiff filed a grievance contending she felt harassed by Slaugh and was not being treated equally. The grievance did not state specific instances of harassing or discriminatory conduct. AC Saechao, employee and labor relations manager, corresponded with the union, but Saechao did not inform plaintiff about the results of any investigation. Saechao said he made a determination as to whether harassment had occurred, but he did not recall whether he documented that determination.[5]

---

[5] Plaintiff also alleges she was replaced by a substantially younger person. The trial court did not consider that evidence upon determining the evidence supporting that assertion was inadmissible hearsay. Plaintiff does not contest this ruling on appeal.

6

*Plaintiff's Association with African-Americans*

Plaintiff knew two other African-American employees, Mona Vincent and Kate Sarden. Plaintiff complained to Slaugh--who was plaintiff's supervisor at the time--about mistreatment Sarden had experienced from Noyes, Sarden's manager, and Sarden's coworkers. Slaugh said " 'Well, they'll take care of it. We are going to take care of that,' " but plaintiff was not aware of any corrective action taken. No one from Dignity followed up with plaintiff about her complaint.

In another incident, Vincent was awarded employee of the month. Rather than post a framed picture of Vincent, as was customary, Noyes gave Vincent a framed sketch of an African-American girl with dreadlocks. Plaintiff told other employees that Noyes "was a racist."

*Procedural Background*

Plaintiff filed the instant complaint alleging four causes of action: (1) harassment in violation of FEHA based on her age and association with African-Americans against Dignity and Slaugh; (2) discrimination in violation of FEHA based on her age and association with African-Americans against Dignity; (3) retaliation in violation of FEHA based on her age and association with African-Americans against Dignity; and (4) intentional infliction of emotional distress against all defendants. Defendants moved for summary judgment or, in the alternative, summary adjudication as to each of plaintiff's causes of action. Plaintiff opposed defendants' motion.

The trial court issued a tentative ruling granting defendants' motion for summary judgment. As relevant to the claims discussed in this opinion, the court first concluded defendants established a legitimate, non-discriminatory reason for the adverse employment action, and plaintiff failed to present sufficient evidence to constitute

Therefore, we do not consider that evidence. (*Lopez v. Baca* (2002) 98 Cal.App.4th 1008, 1014-1015.)

7

"substantial responsive evidence" that defendants' stated reasons for her discipline and termination were pretextual for age discrimination.

Regarding plaintiff's cause of action for discrimination based on association with African-Americans, the court concluded defendants presented undisputed evidence of legitimate, non-discriminatory reasons for plaintiff's discipline and termination and plaintiff had failed to establish pretext. For the same reasons, the court granted defendants' motion regarding plaintiff's third cause of actions for retaliation based on age or association with African-Americans. Following oral argument, the court adopted its tentative ruling. Judgment was entered in favor of defendants. Plaintiff timely appealed.

## DISCUSSION

Plaintiff contests the trial court's grant of summary adjudication as to her second cause of action for discrimination based on her age and her association with African-Americans.

Although in her brief, plaintiff asserts that she is appealing the trial court's ruling as to "all causes of action," she does not sufficiently raise challenges to the trial court's ruling granting summary adjudication as to her first cause of action for harassment based on her age and her association with African-Americans against Dignity and Slaugh, her third cause of action for retaliation based on her age and association with African-Americans against Dignity, or her fourth cause of action for intentional infliction of emotional distress against all defendants. Because her brief provides no legal authority or discussion of the law of harassment or intentional infliction of emotional distress, she has forfeited any claims of error regarding those causes of action. (See *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 (*Ewald*) ["We repeatedly have held that the failure to provide legal authorities to support arguments forfeits contentions of error"]; *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 [failure to provide proper headings forfeits issued discussed in brief but not identified by a heading].) Further, plaintiff's brief fails to raise an argument regarding retaliation under a separate heading

8

(*Pizarro*, at p. 179), and although she argues extensively that defendants' reasons for terminating her employment were pretextual in relation to her claim for discrimination, she provides no legal authority discussing the law of retaliation and she does not argue under a separate heading that her termination was retaliation for her participation in a protected activity. (See *Ewald*, *supra,* 13 Cal.App.5th at p. 948.) Therefore, she has forfeited that claim as well, to the extent she attempted to raise it.

I

*Standard of Review*

On a motion for summary judgment, a defendant must show "that one or more elements of the cause action . . . cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) Summary judgment is appropriate only "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (*Id.*, subd. (c).) A triable issue of material fact exists if the evidence and inferences therefrom would allow a reasonable juror to find the underlying fact in favor of the party opposing summary judgment. (*Aguilar v Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

"Because this case comes before us after the trial court granted a motion for summary judgment, we take the facts from the record that was before the trial court when it ruled on that motion. [Citation.] ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.' " [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party. [Citation.]" (*Yanowitz*, *supra*, 36 Cal.4th at p. 1037.)

"In performing an independent review of the granting of summary judgment, we conduct the same procedure employed by the trial court. We examine (1) the pleadings to determine the elements of the claim, (2) the motion to determine if it establishes facts

9

justifying judgment in the moving party's favor, and (3) the opposition—assuming movant has met its initial burden—to 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.  [Citation.]'  [Citations.]  We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale.  [Citation.]" (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 630.)

Furthermore, our review is governed by a fundamental principle of appellate procedure, namely, that " '[a] judgment or order of the lower court is *presumed correct*,' " and thus, " 'error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Under this principle, plaintiff bears the burden of establishing error on appeal, even though defendants had the burden of proving their right to summary judgment before the trial court.  (*Frank and Freedus v. Allstate Ins. Co.* (1996) 45 Cal.App.4th 461, 474.)  For this reason, our review is limited to contentions adequately raised and supported in plaintiff's brief.  (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125-126).

II

*Legal Framework of Workplace Discrimination Claims*

"FEHA, among other prohibitions on discrimination, makes it unlawful for an employer 'because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, . . . to discriminate against the person . . . in terms, conditions, or privileges of employment.' " (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 373, quoting Gov. Code, § 12940, subd. (a).)

"Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes.  [Citation.]" (*Guz v. Bechtel Nat. Inc.* (2000) 24 Cal.4th 317, 354 (*Guz*).)  In analyzing claims of discrimination under FEHA, including age and race discrimination,

10

California courts have long used the three-stage burden-shifting test established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792. (See *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 520, fn. 2; *Guz*, at p. 354.)

"This so-called *McDonnell Douglas* test reflects the principle that direct evidence of intentional discrimination is rare, and that such claims must usually be proved circumstantially. Thus, by successive steps of increasingly narrow focus, the test allows discrimination to be inferred from facts that create a reasonable likelihood of bias and are not satisfactorily explained." (*Guz, supra*, 24 Cal.4th at p. 354.)

"At trial, the *McDonnell Douglas* test places on the plaintiff the initial burden to establish a prima facie case of discrimination. This step is designed to eliminate at the outset the most patently meritless claims, as where the plaintiff is not a member of the protected class or was clearly unqualified, or where the job he [or she] sought was withdrawn and never filled. [Citations.] While the plaintiff's prima facie burden is 'not onerous' [citation], he [or she] must at least show ' "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a [prohibited] discriminatory criterion . . . .' " ' " (*Guz, supra*, 24 Cal.4th at pp. 354-355.) "If, at trial, the plaintiff establishes a prima facie case, a [rebuttable] presumption of discrimination arises." (*Id.* at p. 355.)

"In the context of the usual age discrimination case, a prima facie case of age discrimination arises when the employee shows that: (1) at the time of the adverse employment action, the employee was 40 years of age or older; (2) some adverse employment action was taken against the employee; (3) at the time of the adverse action the employee was satisfactorily performing his or her job; and (4) the employee was replaced in his or her position by a significantly younger person. [Citations.]" (*Muzquiz v. City of Emeryville* (2000) 79 Cal.App.4th 1106, 1116.)

A claim of racial discrimination under FEHA is a " 'disparate treatment' " claim. (*McCaskey v. California State Automobile Assn.* (2010) 189 Cal.App.4th 947, 979.) The elements of a disparate treatment claim are " '(1) the employee's membership in a classification protected by the statute; (2) discriminatory animus on the part of the employer toward members of that classification; (3) an action by the employer adverse to the employee's interests; (4) a causal link between the discriminatory animus and the adverse action; (5) damage to the employee; and (6) a causal link between the adverse action and the damage.' " (*Ibid.*)

"[A]t this trial stage, the burden shifts to the employer to rebut the presumption by producing admissible evidence, sufficient to 'raise[ ] a genuine issue of fact' and to 'justify a judgment for the [employer],' that its action was taken for a legitimate, nondiscriminatory reason. [Citations.]" (*Guz, supra,* 24 Cal.4th at pp. 355-356.) "This likewise is not an onerous burden (*Board of Trustees of Keene State College v. Sweeney* (1978) 439 U.S. 24, 25, fn. 2), and is generally met by presenting admissible evidence showing the defendant's reason for its employment decision (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1004)." (*Wills v. Superior Court* (2011) 195 Cal.App.4th 143, 160.)

"If the employer sustains this burden, the presumption of discrimination disappears. [Citations.] The plaintiff must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination, or to offer any other evidence of discriminatory motive. [Citations.] In an appropriate case, evidence of dishonest reasons, considered together with the elements of the prima facie case, may permit a finding of prohibited bias. [Citations.] The ultimate burden of persuasion on the issue of actual discrimination remains with the plaintiff. [Citations.]" (*Guz, supra,* 24 Cal.4th at p. 356.)

In the context of an employer's motion for summary judgment, or, in the alternative, a motion for summary adjudication, the *McDonnell Douglas* test is modified. In *Guz, supra*, 24 Cal.4th at page 357, the employer moving for summary judgment proceeded to the second step of the *McDonnell Douglas* formula and "set forth competent, admissible evidence [citations] of its reasons, unrelated to age bias, why it eliminated Guz's work unit . . . and thereafter chose persons other than Guz for vacant positions in the unit . . . ." The court concluded the employer's "explanation of nondiscriminatory reasons was creditable on its face." (*Ibid.*) "Guz thus had the burden to *rebut* this facially dispositive showing by pointing to evidence which nonetheless raises a rational inference that intentional discrimination occurred." (*Ibid.*)

The discrimination at issue must be a substantial motivating factor in the adverse employment decision. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 232 (*Harris*).) The employer's true reasons for termination, if nondiscriminatory, need not be wise or correct. (*Guz, supra*, 24 Cal.4th at p. 358.) "[A]n inference of intentional discrimination cannot be drawn solely from evidence, if any, that the company lied about its reasons. The pertinent statutes do not prohibit lying, they prohibit discrimination. [Citation.] Proof that the employer's proffered reasons are unworthy of credence may 'considerably assist' a circumstantial case of discrimination, because it suggests the employer had cause to hide its true reasons. [Citation.] *Still, there must be evidence supporting a rational inference that intentional discrimination, on grounds prohibited by the statute, was the true cause of the employer's actions.* [Citation.] Accordingly, the great weight of federal and California authority holds that an employer is entitled to summary judgment if, considering the employer's innocent explanation for its actions, the evidence as a whole is insufficient to permit a rational inference that the employer's actual motive was discriminatory." (*Id.* at pp. 360-361, some italics added.) "Logically, disbelief of an Employer's stated reason for a termination gives rise to a compelling inference that the Employer had a different, unstated motivation, but it does not, without

13

more, reasonably give rise to an inference that the motivation was a prohibited one."
(*McGrory v. Applied Signal Technology, Inc.* (2013) 212 Cal.App.4th 1510, 1531-1532.)

The *Guz* court concluded: "Guz's age discrimination claim under the FEHA cannot survive Bechtel's motion for summary judgment unless the evidence in the summary judgment record places Bechtel's creditable and sufficient showing of innocent motive in material dispute by raising a triable issue, i.e., a permissible inference, that, in fact, Bechtel acted for discriminatory purposes. [Citation.] . . . [S]ummary judgment for the employer may thus be appropriate where, given the strength of the employer's showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive, even if it may technically constitute a prima facie case, is too weak to raise a rational inference that discrimination occurred." (*Guz*, *supra*, 24 Cal.4th at p. 362.)

### III

### *Analysis*

Plaintiff contends the trial court erred by concluding she failed to raise a triable issue of material fact regarding pretext or regarding the truth of defendants' stated reasons for terminating her employment.[6] Plaintiff asserts she presented evidence showing defendants' facially valid reasons for termination were unworthy of credence, including that defendant terminated her employment without following its just cause

---

[6] Plaintiff acknowledges defendants' stated legitimate basis for terminating her employment satisfies their burden within the existing legal framework. Plaintiff requests that we revisit the current legal framework regarding the burden of proof on defendants, which she contends is "logically flawed and unfair." Because the legal framework was established by our Supreme Court, we are required to apply it. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [courts exercising inferior jurisdiction must accept the law as declared by courts exercising superior jurisdiction].) Defendant points to Government Code section 12923 as evidence that the Legislature modified defendants' burden of proof, but that section concerns cases involving harassment and is not applicable here.

policy or its investigation policy, and defendants either lost or destroyed relevant evidence. Plaintiff also argues she presented substantial evidence of age and association discrimination, including that her supervisors repeatedly "verbalized age discriminatory language with an intimidating tone," did not respond to her complaint of discrimination, and did not respond to her complaints regarding racially prejudiced behavior toward other African-American employees.

Because plaintiff's second cause of action for discrimination based on her age and association with African-Americans stated two separate causes of action, we consider the evidence supporting each claim separately. (*Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848, 1854-1855.)

A. *Plaintiff's Evidence of Age Discrimination*

Plaintiff contends her claim for age discrimination is supported by several comments made by Noyes and Slaugh regarding her age and Dignity's failure to appropriately respond to her human resources complaint regarding discrimination.[7] Plaintiff's evidence is insufficient to establish a triable issue of material fact.

Plaintiff first points to several comments by Noyes and Slaugh to support her claim for age discrimination. But plaintiff presents no evidence that either Noyes or Slaugh was materially involved in the decision to terminate her employment. At the time plaintiff was terminated, Slaugh was not plaintiff's supervisor. And while plaintiff contends Tidwell and Boroughs-Fitch "communicated with [Noyes] regarding the discipline imposed" on her, she neither asserted nor provided a basis for the conclusion that Noyes was involved as a decisionmaker. Rather, plaintiff acknowledged: "Noyes is not in the chain of command regarding my discipline. Noyes was not in the [human resources] department and she was not part of the group that was evaluating me." The

---

[7] Plaintiff also contends defendants replaced her with a significantly younger employee. But as we discussed *ante*, we do not consider that evidence.

15

conclusion that Noyes instructed Tidwell or Boroughs-Fitch to terminate plaintiff is mere speculation or conjecture, which is insufficient to defeat summary judgment. (See *King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 433 (*King*); *Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145 [party " 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture' "].) Therefore, any comments made by Noyes or Slaugh regarding plaintiff's age do not support the conclusion that plaintiff was terminated based on discriminatory animus. (Accord *King*, *supra*, 152 Cal.App.4th at pp. 433-434 [decision maker must be affected by bias].)

Additionally, even if Noyes were involved in the decision to terminate plaintiff's employment, there is insufficient evidence to support the conclusion that her comments were made with discriminatory animus. Noyes's first comments (that she did not know plaintiff was "that old," asking her why she had not retired, and discussing with her working into their eighties) occurred at or around plaintiff's birthday, a natural and appropriate occasion for discussing a person's age and future plans. Noyes's second comments ("Gosh, I can't believe you are that old" and asking why plaintiff was still working) expressed surprise at plaintiff's age, which is hardly indicative of animus where it is undisputed that plaintiff did not discuss her age and had the physical appearance of a much younger person. And Noyes's third comment (to another employee that Noyes "didn't know [plaintiff] was that old, either") was a benign agreement with an employee who expressed surprise when learning plaintiff's age.

Plaintiff contended in her declaration opposing summary judgment that Noyes's comments were made in an "intimidating" and "aggressive" manner. Plaintiff did not state which comments, if any of the comments we consider here, were expressed in such a tone. If they were, we conclude an aggressive or intimidating tone, particularly when attached to benign and even complimentary comments such as these, is only sufficient to raise a weak suspicion of discriminatory animus and does not amount to substantial

16

evidence of discriminatory animus necessary to defeat a summary judgment motion. (See *Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 867-868 (*Serri*).)

Plaintiff also contends she complained to the human resources department that she was being discriminated against on the basis of her age. But plaintiff's grievance only stated that she was being discriminated against, not that she was being discriminated against on the basis of her age. Plaintiff filed her grievance against Slaugh, who was not part of the decision to terminate plaintiff. Moreover, plaintiff did not provide any specific examples of discrimination in her grievance. And as we have discussed, the evidence she presents here of age discrimination is insufficient to defeat summary judgment.

Plaintiff contends the facts here are analogous to those in *Cheal v. El Camino Hospital* (2014) 223 Cal.App.4th 736. In *Cheal* the plaintiff's supervisor confessed that she favored younger and pregnant workers, and she was concerned about her bias being noticed. (*Id.* at p. 755.) The court concluded the supervisor's statement "provided an ample basis for a finding that [the supervisor's] treatment of plaintiff had nothing to do with genuine deficiencies in plaintiff's work and everything to do with discriminatory animus against older workers." (*Id.* at p. 755.) Similar facts are not present here; *Cheal* is distinguishable.

Liberally construing plaintiff's evidence opposing summary judgment, her showing remained "too weak to raise a rational inference that discrimination occurred." (*Guz*, *supra*, 24 Cal.4th at p. 362; *Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1004-1005.) Plaintiff failed to make a sufficient showing to support her contention that defendants terminated her employment based of her age. (*Serri*, *supra*, 226 Cal.App.4th at p. 862.)

B. *Plaintiff's Evidence of Association Discrimination*

The evidence offered by plaintiff to show association discrimination is insufficient to establish a triable issue of material fact. Plaintiff alleges that she

complained to Slaugh about mistreatment a coworker experienced and that no one from Dignity followed up with her about her complaint. But Slaugh was not part of plaintiff's termination, and there is no evidence that anyone involved in the decision to terminate plaintiff's employment knew about the complaint or that it factored into their determination. (See *Reeves v. Safeway Stores, Inc.* (2004) 121 Cal.App.4th 95, 109-110 [ignorance of employee's protected activity by all corporate actors who contributed materially to adverse employment decision is a defense to claim of discrimination].) Similarly, there is no evidence suggesting plaintiff's statements to coworkers accusing Noyes of being a racist contributed to her termination because plaintiff does not claim Noyes, Boroughs-Fitch, or Tidwell knew about plaintiff's comments. (See *ibid.*) The trial court did not err in granting defendants' summary adjudication as to plaintiff's claim for discrimination based on her association with African-Americans.

C. *Dignity's Disciplinary Process*

Plaintiff bases her argument of error primarily on evidence that defendants' disciplinary process was unworthy of credence and therefore was pretextual. She contends Dignity failed to follow its "just cause" termination policy regarding the poster in plaintiff's cupboard and the urine cup plaintiff allegedly failed to sufficiently wipe clean, and failed to follow its investigation policy regarding the June 2012 discipline, September 2012 discipline, February 2013 discipline, and 2013 termination. She also argues Dignity either lost or destroyed all evidence it relied upon to terminate plaintiff and violated its own progressive discipline policy.

Even if we assume Dignity did not follow its policies and procedures, the issue before us is whether discrimination was a substantial motivating factor in Dignity's decision to terminate plaintiff's employment. (See *Harris*, *supra*, 56 Cal.4th at p. 232, *Guz*, *supra*, 24 Cal.4th at p. 358.) Evidence that defendants failed to follow various policies might suggest that they had cause to hide their true reasons for terminating plaintiff. But plaintiff has failed to present any evidence supporting a rational inference

18

that discrimination--either on the basis of her age or her association with African-Americans--was the true reason for Dignity's actions.  Therefore, we conclude the evidence as a whole is insufficient to permit a rational inference that defendants' motive for terminating defendant was discriminatory.  Defendants were entitled to summary adjudication on plaintiff's discrimination claim.  Thus, the grant of summary judgment was proper.

## DISPOSITION

The judgment is affirmed.  Defendants shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278.)

_____/s/_____
Duarte, Acting P.J.

We concur:


_____/s/_____
Hoch, J.


_____/s/_____
Butz, J.*

---

\* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| VIRGINIA M. ARNOLD,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>DIGNITY HEALTH et al.,<br><br>        Defendants and Respondents. | C087465<br><br>(Super. Ct. No. 34-2015-00182733-CU-OE-GDS) |

THE COURT:

The Association of Southern California Defense Counsel (a non-party) has filed a request for publication with this court. It is hereby ordered:

1.     The opinion in the above-entitled matter filed July 17, 2020, was not certified for publication in the Official Reports.  For good cause it now appears the opinion should be published in the Official Reports, and it is so ordered.

FOR THE COURT:


_____/s/_____
Duarte, Acting P. J.


_____/s/_____
Hoch, J.


_____/s/_____
Butz, J.*

---

* Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2

EDITORIAL LISTING


APPEAL from a judgment of the Superior Court of Sacramento County, David I. Brown, Judge.  Affirmed.

The Law Offices of Richard A. Lewis and Richard A. Lewis for Plaintiff and Appellant Virginia M. Arnold.

Porter Scott, Thomas L. Riordan, Derek J. Haynes for Defendants and Respondents Dignity Health, Roxanne Slaugh, Denise Boroughs-Fitch and Tiffany Tidwell.