**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE DWAIN COPELAND, | No. 22-55947 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00275-MCS-MAA |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION GSAA HOME EQUITY TRUST 2006-12, Asset Backed Certificates, Series 2006-12, an Ohio Corporation; DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted April 15, 2024**

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Bruce Dwain Copeland appeals pro se the district court's judgment

dismissing his action alleging fraud and wrongful foreclosure. We have

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) (dismissal without leave to amend); *Pardini v. Unilever United States, Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023) (failure to state a claim); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata). We affirm.

The district court properly dismissed Copeland's action in part as barred by claim preclusion because Copeland raised identical claims in a prior federal action, which involved the same parties or their privies, and resulted in a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d at 956; *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

The district court properly dismissed Copeland's claims alleging wrongful foreclosure, and to set aside the trustee's sale, because Copeland failed to plausibly allege that U.S. Bank caused an illegal, fraudulent, or willfully oppressive sale of his property; that Copeland suffered prejudice or harm; or that he was excused from tendering. *See, e.g., Chavez v. Indymac Mortgage Servs.*, 162 Cal. Rptr. 3d 382, 390 (Ct. App. 2013) (identifying elements of wrongful foreclosure claim in California).

The district court properly dismissed Copeland's cancellation of instrument claim, because Copeland failed to plausibly allege that the foreclosure sale was fraudulent, or that he was prejudiced by the sale. *See, e.g., Weeden v. Hoffman*,

2

285 Cal. Rptr. 3d 262, 281 (Ct. App. 2021) (elements of cancellation of instrument claim).

The district court properly dismissed Copeland's claim for violation of California unfair business practices because Copeland failed to plausibly allege his standing to pursue this claim. *See Spokeo, Inc. v. Robbins*, 578 U.S. 330, 339 (2016).

The district court properly dismissed Copeland's claim for declaratory relief because Copeland failed to advance an independent, colorable legal theory for which he could get declaratory relief. *See Hood v. Superior Court*, 39 Cal. Rptr.2d 296, 298-99 (Ct. App. 1995).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See, e.g., Creech v. Tewalt*, 84 F.4th at 787.

The district court properly denied Copeland's motion for judgment on the pleadings, because no claims remained following the district court's decision to dismiss.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations made for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

AFFIRMED.

3